LINDA SUE MASON SOUTHERLAND

V.

ESTATE OF FENDAL EDWARD SOUTHERLAND, III,
ETC., ET AL.

Record No. 941088

April 21, 1995

Present: All the Justices

Richard F. Holladay, Jr. for appellant.

Steven F. Shames (Shames & Byrum, on brief), for appellee Estate of Fendal Edward Southerland, III, etc.

No brief or argument on behalf of Life Insurance Company of Virginia.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether, under the terms of a property settlement agreement, a wife relinquished her right to receive insurance proceeds as the beneficiary of a life insurance policy, despite the fact that her former husband never removed her as his beneficiary after the agreement was executed.

The facts of this case are not disputed. On June 11, 1990, Linda Sue Mason Southerland (Linda) entered into a written Stipulation and Agreement (the Agreement) with her husband, Fendal Edward Southerland, III (Fendal). The Agreement was incorporated by reference into the parties' final divorce decree of November 20, 1990. Fendal died on May 24, 1993.

The policy that is the subject of this appeal is a group policy issued by Life Insurance Company of Virginia (the Company) to the Board of Trustees of the Virginia Retirement System (VRS). Fendal qualified as an eligible employee under the policy. Fendal

named Linda as beneficiary of the policy prior to the date that the Agreement was executed. On his death, the applicable policy proceeds totalled $87,331.28, and Linda remained the designated beneficiary.

The Estate of Fendal Edward Southerland, III, by Cassandra L. Southerland, Administratrix (the Estate), filed an amended bill of complaint requesting, among other things, that the trial court order that the proceeds from the policy be paid to the Estate. The Company filed a bill of interpleader and paid the proceeds into the trial court.

In a hearing before the trial court, the Estate asserted that, under the terms of the Agreement, Linda was not entitled to receive the policy proceeds. The Agreement provides, in material part:

> WHEREAS, . . . it is a mutual desire of Husband and Wife to adjust, terminate, determine and settle all rights, interests and obligations between them and to obtain a full and complete and final property settlement agreement as to the property now owned or hereafter acquired, including for the present and all future time, all rights, if any, which either of the parties has, dower, curtesy, attorney's fees and all other matters; . . .
>
> . . . .
>
> NOW, THEREFORE, . . . in full, complete and final settlement, adjustment and compromise of any interests of any nature whatsoever of Husband and/or Wife in and to the property of the other, be it real, personal or mixed, Husband and Wife agree as follows:
>
> . . . .
>
> 3. Husband and wife respectively hereby forever relinquish and release one as to the other all rights, title and interest which he or she now has or ever may have in and to the real, personal and/or mixed property of the other; all rights of curtesy or dower, as the case may be; all rights, title and interest which he or she has ever or may have in and to the property or estate of Husband or Wife, as the case may be, at his or her death; all rights and interest to take against

Husband's or Wife's Will, as the case may be, or under intestate laws; and each and every other right, title and interest Husband and Wife has or may have against Wife or Husband, as the case may be, his or her heirs, executors, administrators and assigns, excepting only every other right that is given Husband or Wife, as the case may be, in and by this Agreement.

4. It is mutually understood and agreed that the following property shall be the property of Husband:

. . . .

(d) Any and all right, title and interest in and to the Virginia State Retirement Plan which Husband is entitled to receive at any future time or times, it being expressly understood and agreed that Wife has no interest in nor claim to same at any time or times or under any circumstances;

(e) Life insurance policy(ies) presently in the name of Husband.

At the hearing, Linda made no claim to Fendal's VRS retirement fund. The parties also stipulated that Fendal had at least one other life insurance policy in effect at his death, and that Fendal had revoked his designation of Linda as beneficiary on this policy and had named another beneficiary.

After hearing argument, the trial court ruled that, under the plain meaning of the Agreement, Linda had relinquished any right to the proceeds of the life insurance policy in question. The trial court distinguished the present case from *Kurtz v. Dickson*, 194 Va. 957, 76 S.E.2d 219 (1953), on the basis that *Kurtz* did not address "a specific provision of a separation agreement dealing with insurance policies."

On appeal, Linda argues that *Kurtz* controls the present inquiry and requires reversal of the trial court's judgment. In *Kurtz*, the claimant, decedent's first wife, had entered into a property settlement agreement that extinguished her marital rights in property owned by the decedent. This Court held that neither the property settlement agreement nor the terms of the parties' divorce decree prevented the claimant from receiving insurance proceeds as a

designated beneficiary, because her right to receive the proceeds was not a marital right but a contractual right under the terms of the insurance policy. *Id.* at 960-62, 76 S.E.2d at 220-22.

Linda asserts that, like the claimant in *Kurtz*, she has the right to receive the insurance proceeds as a matter of contract law under the terms of the insurance policy. Thus, she contends that the parties' Agreement has no effect on her right to those proceeds.

In response, the Estate argues that the broad scope of the parties' Agreement distinguishes it from the waiver of marital rights existing in *Kurtz*. The Estate contends that, based on this distinction, the present case is controlled by *Vellines v. Ely*, 185 Va. 889, 41 S.E.2d 21 (1947), in which this Court held that, by the terms of a property settlement agreement, a wife had relinquished her right as beneficiary to receive insurance proceeds from a policy held by her former husband. The Estate argues that, by executing the Agreement, Linda likewise released her interest in the policy proceeds. We agree with the Estate.

■ Since the parties' divorce decree was entered prior to July 1, 1993, the fact of their divorce, by itself, does not deprive either spouse of the right to receive insurance proceeds, when such spouse is designated as the other spouse's beneficiary at the time of death. *See Kurtz*, 194 Va. at 963-64, 76 S.E.2d at 222-23.* However, by terms of a property settlement agreement, parties may relinquish their expectancy interest in proceeds from insurance held by the other spouse. *See Vellines*, 185 Va. at 898, 41 S.E.2d at 25. To ascertain whether Linda relinquished such an interest, we look to the terms of the parties' Agreement.

■ Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally. *See Eaton v. Eaton*, 215 Va. 824, 826, 213 S.E.2d 789, 791 (1975); *Paul v. Paul*, 214 Va. 651, 653, 203 S.E.2d 123, 125 (1974). The parties do not contend, and neither do we find, that the language of the Agreement is ambiguous. Therefore, we adhere to the plain meaning of its stated terms. *See*

---

* This principle has been modified by statute in Virginia. Code § 20-111.1 (Supp. 1994) provides, in material part:

Upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked.

*Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983); *Globe Iron Constr. Co. v. First Nat'l Bank of Boston*, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965). In reviewing the Agreement, we examine the entire instrument, giving full effect to the words actually used by the parties. *See Layne v. Henderson*, 232 Va. 332, 337-38, 351 S.E.2d 18, 22 (1986).

▮ As quoted above, in the Agreement each party relinquished, among other things, "all rights, title and interest which he or she now has or *ever may have* in and to the real, personal and/or mixed property of the other." (Emphasis added.) This broad waiver of rights applies without limitation, "excepting only every other right that *is given* Husband or Wife . . . *in and by this Agreement*." (Emphasis added.)

In *Vellines*, the parties' agreement gave to each party "his or her own property" and barred each from "any and all rights or claims by way of dower, curtesy, inheritance, descent, distribution *or in any other way arising out of said property*." 185 Va. at 895, 41 S.E.2d at 24. (Emphasis added.) Based on this language, this Court held that the parties had extinguished the wife's interest as beneficiary of the husband's insurance policy. 185 Va. at 897-98, 41 S.E.2d at 24-25.

▮ Like the language in *Vellines*, the language of the present Agreement shows the obvious intent of the parties to settle, at that time and for the future, all their rights and interests relating to their property. Thus, we hold that the Agreement's language of waiver and relinquishment is sufficiently broad to encompass Linda's expectancy interest in the policy at the time the Agreement was executed. Furthermore, since the Agreement requires that any rights given either party in the property of the other be specified therein, the parties' failure to do so in this instance also demonstrates that Linda relinquished her interest as beneficiary.

We disagree with Linda's argument that this Court's decision in *Kurtz* requires a different result here. In *Kurtz*, the parties' property settlement agreement "embraced only [the wife's] rights and claims as to certain specified real and personal property, claims for alimony or support, and claims arising out of marital rights. . . . [S]he did not release her right to any other property." 194 Va. at 961-62, 76 S.E.2d at 222.

Based on the limited scope of that agreement, this Court concluded that the wife had not relinquished her right to the contributions of the husband to his retirement plan, and that she was

entitled to receive those funds as his designated beneficiary. *Id.* at 962, 965, 76 S.E.2d at 222, 224. Since the parties' property settlement agreement did not dispose of the wife's right as beneficiary, she retained that interest which derived from her former husband's contract with his employer. *Id.* at 962, 76 S.E.2d at 222.

■ Here, in contrast, the Agreement disposed of Linda's expectancy interest in the insurance proceeds. Thus, notwithstanding Fendal's contract with his employer to provide him life insurance and to give him the right to designate a beneficiary, Linda relinquished any interest she may have had arising from that contract.

We also are unpersuaded by Linda's argument that, since Fendal removed her as beneficiary from another life insurance policy, and did not remove her as beneficiary from the policy in question, he must have intended that she remain as beneficiary on this policy. "[C]ourts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein." *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984). Since the language of the Agreement plainly effects a relinquishment of all rights of each party in the property of the other that are not reserved in the Agreement itself, we conclude that the trial court did not err in ordering that the proceeds from the life insurance policy in question be paid to the Estate.

For these reasons, we will affirm the trial court's judgment.

*Affirmed.*