SENIOR JUSTICE WHITING
delivered the opinion of the Court.
This appeal requires a determination of the scope of an antenuptial agreement in our adjudication of a widow’s claim against her deceased husband’s estate.
Before their marriage, Debra B. Pysell (the wife) and David Anthony Pysell (the husband) executed an antenuptial agreement (the agreement) which recited in pertinent part:
*459 2. That it is the intention of the parties that each of them shall continue to own as his or her separate property, all of the real, personal or mixed property which they individually own as of this date.
3. That they may hereafter individually acquire additional property of a similar nature, and it is the intention of the parties hereto that said property shall also be the individual property of the person acquiring the same.
6. . . . [It is] the intention and desire of the parties that their respective rights to each other’s property acquired by operation of law shall be solely determined and fixed by this agreement.
After the husband died leaving a will which made no provision for the wife, she filed three claims against his estate in the Circuit Court of the City of Buena Vista: (1) a claim pursuant to Code §§ 64.1-13 and -16 for a surviving spouse’s elective share of her deceased husband’s estate, (2) a claim under Code § 64.1-151.1 for the family allowance provided to a surviving spouse, and (3) a claim pursuant to Code § 64.1-151.2 for certain property claimed as exempt for the benefit of a surviving spouse.
The executor of the deceased husband’s estate filed a declaratory judgment action in the circuit court seeking a determination that the wife was not entitled to any of these claims on two grounds: (1) because she and the husband “were living in a state of permanent separation at the time of his death as a result of the [wife’s] abandonment and desertion;” and (2) because the wife’s agreement waived “any claim, whatsoever, in the property of” the husband.
Later, the executor filed a motion for summary judgment based on the second ground. In the wife’s briefs filed in opposition to the executor’s motion for summary judgment, she maintained that the mere recitation of the parties’ intent to hold their individual property separately in paragraphs (2) and (3) of the agreement did not constitute a waiver of either party’s claim to the separate property of the other during their joint lives. The wife also argued that even if the recitals in paragraphs (2) and (3) were sufficient to constitute such a waiver, the provisions in paragraph (6) were not a waiver of either party’s rights in the estate of the other. Hence, the wife contended that because paragraph (6) referred only to a waiver by each spouse of his or her statutory rights during the marriage and in the event of a *460 divorce, she was entitled to assert these three claims against his estate.
After argument, the court held that paragraph (6) of the agreement was an effective waiver of the wife’s rights in the husband’s estate upon his death. Accordingly, the court entered a final declaratory judgment for the executor. On the wife’s appeal, the parties reassert these arguments.
Both parties agree that the wife is asserting rights against the husband’s estate that would normally accrue to a surviving spouse by operation of law. See Davis v. Davis, 239 Va. 657, 661, 391 S.E.2d 255, 257 (1990) (marital rights of inheritance, to renounce will, and to claims of dower and curtesy arise by operation of law). They disagree, however, whether those rights were waived in the provisions of the three quoted paragraphs.
We resolve their disagreement by applying familiar principles. Antenuptial agreements, like marital property settlements, are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms. See Southerland v. Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (property settlement agreement in connection with divorce suit). And, “[c]ourts cannot read into contracts language which will add to or take away the meaning of words already contained therein.” Id. at 590, 457 S.E.2d at 378, (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). Further, “[a] waiver must be express, or, if it is to be implied, it must be established by clear and convincing evidence.” McMerit Constr. Co. v. Knightsbridge Dev. Co., 235 Va. 368, 374, 367 S.E.2d 512, 516 (1988). See also Coleman v. Nationwide Life Ins. Co, 211 Va. 579, 583, 179 S.E.2d 466, 469 (1971).
We see nothing in the unambiguous language of the three paragraphs which does anything more than express the intention of the parties to continue to hold as their separate properties any property which they “individually own[ed]” at the time of the marriage or thereafter acquired as separate property. Consistent with the language in paragraphs (2) and (3), paragraph (6) provides that the parties’ “respective rights to each other’s property accruing by operation of law shall be solely determined and fixed by this agreement.” All three paragraphs deal with property of parties who were living persons at the time. Nowhere in these three paragraphs or elsewhere in the agreement do we find a reference to either party’s rights in the property of the estate of the other. In other words, the only marital *461 rights determined and fixed by the agreement were those of the husband and wife while they were living.
To the extent that the language in paragraphs (2) and (3) constitutes a waiver, any such waiver is limited to a waiver of marital rights in the property of the other spouse during his or her lifetime. We also reject the executor’s construction of the agreement under which the wife’s waiver constitutes a surrender of her marital rights in the husband’s estate after his death; such a construction requires an unwarranted addition to the plain meaning of the language contained in the agreement, Southerland, 249 Va. at 590, 457 S.E.2d at 378, as well as an unjustified expansion of the scope of any explicit waiver expressed therein. McMerit, 235 Va. at 374, 367 S.E.2d at 516.
Thus, consistent with the language of paragraphs (2) and (3), we read the plain language in paragraph (6) as referring to the property owned by the parties during their joint lives, and not to the property comprising the estate of the deceased spouse. Therefore, we conclude that the trial court erred in entering summary judgment for the executor on this issue.
Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

Reversed and remanded.