COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


ALLEN BURKE EASTERLY

MEMORANDUM OPINION*

v.    Record No. 1607-02-4                    PER CURIAM
                                          OCTOBER 29, 2002
PAMELA JO EASTERLY


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James W. Haley, Jr., Judge

(Albert H. Jacoby, on briefs), for appellant.

(Lorraine M. Koury, on brief), for appellee.


Allen Burke Easterly (husband) appeals the decision of the

circuit court awarding Pamela Jo Easterly (wife) a portion of the

proceeds from the sale of property paid for, in part, with marital

assets.  On appeal, husband contends the trial court erred by

finding wife did not waive her right to the assets in the parties'

prenuptial agreement.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

PROCEDURAL BACKGROUND

Prior to their May 11, 1990 marriage, the parties signed a prenuptial agreement.  In pertinent part, the agreement states:

> Should the marriage fail, the parties surrender all right, title and interest to the assets brought into the marriage by each party.  Similarly, neither party shall be liable or in any sense responsible for the debts or liabilities of the other party incurred prior to the marriage.  Marital property, or that acquired independent of the assets or proceeds of the assets, that each party brings into the marriage, will be divided in an equitable manner based on the laws of the jurisdiction in which the parties reside at the time of divorce.

On March 13, 1989, husband purchased a lot in Hickory Landing subdivision in Louisa County.  He executed a purchase money deed of trust at that time and made all payments towards the deed of trust between the date of purchase and the date of the parties' marriage.  Thereafter, husband used money from the parties' joint checking account to pay the balance of the deed of trust payments.  Husband sold the property in August 1997, prior to the parties' final separation.  At the time of the sale, the deed of trust had been paid in full.  Husband placed the proceeds from the sale of the property into an account jointly owned by the parties.

- 2 -

The commissioner found that wife, by signing the prenuptial agreement, did not waive her interest in the portion of the asset paid for with marital funds.

## ANALYSIS

"Antenuptial agreements, like marital property settlements, are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 677, 678 (2002). "Courts cannot read into contracts language which will add to or take away the meaning of words already contained therein." Southerland v. Southerland, 249 Va. 584, 590, 457 S.E.2d 375, 378 (1995). Further, "[a] waiver must be express, or, if it is to be implied, it must be established by clear and convincing evidence." McMerit Constr. Co. v. Knightsbridge Dev. Co., 235 Va. 368, 374, 367 S.E.2d 512, 516 (1988).

Wife clearly waived all right, title and interest to the assets "brought into the marriage by each party." However, she did not, expressly or impliedly, waive her interest in the marital funds husband used to pay off the lien on the property. The agreement between the parties specifically provides that marital property "will be divided in an equitable manner . . . at the time of a divorce." The trial court did not award wife any portion of the value of the lot prior to the marriage nor any portion of the increase in value of the lot during the time

- 3 -

of the parties' marriage.  The court merely provided wife with her share of the marital assets used to pay off the lien on the premarital property.  The trial court equitably divided the marital funds and did not err in awarding wife her share of the funds diverted to the property.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.