**Sherry WEINDORF, Plaintiff–Appellant,**

v.

**NETSCAPE COMMUNICATIONS CORP. and America Online, Inc., Defendants–Appellees.**

**Nos. 05–3072–CV(L), 05–3079–CV(CON), 05–3081–CV(CON).**

United States Court of Appeals, Second Circuit.

March 20, 2006.

Joshua N. Rubin (Meagan A. Zapotocky, on the brief), Abbey Spanier Rodd Abrams & Paradis, LLP, New York, NY, for Plaintiff–Appellant.

Patrick J. Carome (Lowry A. Crook, on the brief), Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the district court's order is **AFFIRMED.**

Plaintiffs-appellants in these consolidated cases appeal from the order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dated April 20, 2005, denying the plaintiffs-appellants' application for attorney's fees and litigation costs following the district court's approval of a class-action settlement of plaintiff's claims under the Electronic Communications Privacy Act of 1986 (the "ECPA"), Pub.L. No. 99–508, 100 Stat. 1848. We assume the parties' familiarity with the facts and procedural history.

Because the default "American Rule" rule requires each party to bear its attorney's fees, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 269–71, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the plaintiffs-appellants may recover attorney's fees only pursuant to some exception to this rule. Plaintiffs-appellants point to the fee-shifting language of the ECPA as authorizing an attorney's-fees award here. 18 U.S.C. § 2520 provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity … which engaged in that violation such relief as may be appropriate," defining "appropriate relief" as including, among other things, "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(a), (b)(3). Notably, the statute only provides that plaintiffs may recover such relief from an entity that "engaged in that violation," i.e., a violator. *Id.* § 2520(a).

We *need not decide* what may establish a "violation" for purposes of § 2520 to decide that the plaintiffs-appellees have provided no convincing argument that a violation existed here. The district court

never ruled that the defendants-appellees engaged in a violation; rather, the cases settled. The defendants-appellees never conceded as part of that settlement that the statute had in fact been violated, and no collateral proceeding has otherwise deemed the defendants-appellees to be violators. We do not agree with the plaintiffs-appellants' argument that the mere allegation of a violation suffices; the statute is coherent without inserting the adjective "alleged" to modify "violation." Other than this contention, the plaintiffs-appellants' arguments focus primarily on removing the violation requirement from the statute, as they conceded under questioning at oral argument, rather than showing that the requirement is met. We conclude that it is not.

The plaintiffs-appellants also argue that the defendants-appellees waived the violation requirement in the stipulation of settlement agreement. This argument fails, even assuming arguendo that the statutory requirement can be waived. Upon review of the agreement, we find nothing that expressly waives the violation requirement or that implicitly waives the requirement by "clear and convincing evidence" as required by Virginia law, which governs here. *See Pysell v. Keck,* 263 Va. 457, 559 S.E.2d 677, 679 (2002) ("[A] waiver must be express, or, if it is to be implied, it must be established by clear and convincing evidence.") (quoting *McMerit Constr. Co. v. Knightsbridge Dev. Co.,* 235 Va. 368, 367 S.E.2d 512, 516 (1988)). It appears that the parties simply never considered the violation requirement before executing the agreement, intending that attention would be paid to attorney's fees questions later.

Finally, the plaintiffs-appellants contend that if the violation requirement was not waived, this court should remand the case to afford them a chance to institute, and move for summary judgment on, a claim for declaratory relief seeking to establish that the defendants-appellees engaged in a statutory violation. Such a claim, however, is no longer allowed. Pursuant to the settlement agreement, the district court has dismissed the plaintiffs-appellants' claims of a statutory violation on the merits and with prejudice, and the plaintiffs-appellants have expressly agreed to refrain from pressing any claim that the events underlying this litigation were statutorily prohibited. Remand is therefore inappropriate.

In sum, because plaintiffs have failed to establish a "violation" within the meaning of § 2520, the American Rule applies and requires each party to bear its own attorney's fees. Accordingly, the district court's order is **AFFIRMED.**