COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


DONNA WHEELER MILLER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1168-06-3                      JUDGE WILLIAM G. PETTY
                                                        DECEMBER 28, 2006
LESTER CROSSON MILLER, III


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                         James R. Swanson, Judge

            Cheryl K. Brunner for appellant.

            No brief or argument for appellee.


        Donna Wheeler Miller (wife) appeals the trial court's denial of her motion to increase

spousal support.  Miller argues the trial court erred in its interpretation of the parties' property

settlement agreement by (1) interpreting the words "responsible for" too broadly; (2) deciding that

the language contained in the property settlement agreement precluded an increase in spousal

support due to increased cost of living; and (3) determining that Code § 20-109(C) prohibited an

increase in spousal support.  For the reasons discussed in this opinion, we affirm the judgment of the

trial court.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. Ambiguous Contract Language

We hold that the term "responsible for" in the property settlement agreement (PSA) is not ambiguous. Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally. Southerland v. Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995). We review the trial court's interpretation of a contract *de novo*. Plunkett v. Plunkett, 271 Va. 162, 166, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)).

The parties' divorce decree "ratified, affirmed, and incorporated" the provisions of the parties' property settlement agreement. Both parties were represented by counsel during the PSA negotiation. In paragraph five of the PSA, the parties agreed that Lester Miller (husband) was to pay wife spousal support and that each party could apply for modification of the amount of spousal support in accordance with applicable law. In paragraph six of the PSA, the parties also agreed: "As of the date of divorce, each party shall be *responsible for* his or her own medical and dental expenses and medical insurance." (Emphasis added).

While Code § 20-109(A) empowers trial courts to modify a spousal support award, Code § 20-109(C) expressly limits the court's authority to modify an agreed upon spousal support award in a manner consistent with the terms of the parties' agreement. See Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 783 (1999). Wife argues on appeal that the PSA's provisions were ambiguous and that therefore Code § 20-109(A), rather than Code § 20-109(C), applies in this case.

"Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." Plunkett, 271 Va. at 167, 624 S.E.2d at 42 (citing TM Delmarva Power, L.L.C. v. NCP of Virginia, L.L.C., 263 Va. 116, 119, 557 S.E.2d 199, 200 (2002)). "[C]ontract language is ambiguous when 'it may be understood in more than one way or when it

refers to two or more things at the same time.'" Eure, 263 Va. at 632, 561 S.E.2d at 667 (quoting

Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)).

Wife argues that the word "responsible" as used in the PSA is ambiguous since the

on-line edition of Merriam-Webster Dictionary does not define the word "responsible" to mean

"an obligation for payment."[1] Wife's argument is without merit. Under contract principles, we

are required to give words "their usual, ordinary, and popular meaning." D.C. McClain, Inc. v.

Arlington County, 249 Va. 131, 135-36, 452 S.E.2d 659, 662 (1995). Simply put, we conclude

that the usual, ordinary, and popular meaning of the word "responsible" as it is used in the PSA

includes the liability for an obligation, in this case each parties' liability to pay his or her own

medical insurance premiums. Thus, we hold that there is no ambiguity in the PSA.

## II. APPLICABLE STATUTE

Wife also argues the trial court erred in determining that the PSA's language precluded

an increase in spousal support, and in determining that Code § 20-109(C) barred wife's request

for an increase in support, an issue we review *de novo*.[2] See Gray v. Bourne, 46 Va. App. 11, 20,

614 S.E.2d 661, 665 (2005). The PSA defines the rights and obligations of the parties. See

Pellegrin v. Pellegrin, 31 Va. App. 753, 759, 525 S.E.2d 611, 614 (2000) (citations omitted).

Further, we construe the document as a whole and give effect to all the language. See Berry v.

Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). Finally, "[c]ourts cannot relieve one of

the consequences of a contract merely because it was unwise . . . [or] rewrite a contract simply

because the contract may appear to reach an unfair result." Rogers v. Yourshaw, 18 Va. App.

816, 823, 448 S.E.2d 884, 888 (1994) (internal quotation marks and citations omitted).

---

[1] We note that Black's Law Dictionary 1312 (6th ed. 1990), the standard dictionary of the legal profession, defines "responsible" as "Liable; legally accountable or answerable."

[2] Since these two questions are related, we discuss them together.

- 3 -

Paragraph five of the PSA allows either spouse to "apply to a Court of competent jurisdiction for a modification of the amount of support set forth herein in accordance with applicable law." Since we held *supra* that the language assigning responsibility for medical insurance premiums in paragraph six is not ambiguous, the law applicable to wife's claim for increased spousal support is Code § 20-109(C), prohibiting entry of any order of spousal support that is inconsistent with the existing settlement agreement, not Code § 20-109(A) as wife claims.

While wife's medical insurance costs have increased, she is not entitled to an increase in spousal support under the terms of the agreement she signed while represented by counsel. The parties agreed in their PSA to each pay for his or her own medical insurance premiums. Thus, while other changes in wife's financial circumstances could lead to a modification of spousal support, wife contracted away her ability to have husband pay for her medical insurance premiums.

Were we to accept wife's arguments, we would allow her to circumvent the parties' manifest agreement by disguising the increased medical insurance cost as a change in financial circumstances. Doing so would render paragraph six of the PSA meaningless in favor of an overly broad construction of paragraph five, thus modifying spousal support in a manner contrary to the express provisions of the parties' PSA. "This court is duty bound to construe a contract as a whole, considering every word and every paragraph, if there is a sensible construction that can be given." Dowling v. Rowan, 270 Va. 510, 518, 621 S.E.2d 397, 400 (2005) (citations omitted). Here, a "sensible construction" of the PSA requires us to hold that wife is bound by the PSA to bear the cost of her own medical insurance.

### III. CONCLUSION

Accordingly, we affirm the judgment of the trial court.

Affirmed.