COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


PETER JONES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0747-07-4                   JUDGE JEAN HARRISON CLEMENTS
                                                        FEBRUARY 12, 2008
ANN C. MATALAVAGE


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          George F. Tidey, Judge Designate

                Peter J. Jones, *pro se*.

                Jeffrey A. Vogelman (Elaine Trautwein; Thomas, Ballenger,
                Vogelman & Turner, P.C., on brief), for appellee.


        Peter Jones (father) appeals from an order of the trial court awarding child support and

attorney's fees to Ann C. Matalavage (mother).  On appeal, father contends the trial court erred

in awarding attorney's fees to mother and in failing to award child support pursuant to the child

support guidelines.  Mother requests an award of attorney's fees and costs incurred in defending

this appeal.  For the reasons that follow, we affirm the trial court's judgment and deny mother's

request for appellate attorney's fees and costs.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

Mother and father were married in 1989. Two children were born of the marriage, the daughter in October 1990 and the son in March 1994. On November 1, 1997, the parties entered into a property settlement agreement (PSA) that was incorporated into the final decree of divorce on November 8, 1999.

The preamble of the PSA executed by the parties provided, in pertinent part, as follows:

> Whereas, the parties confirm their separation and are desirous of settling all of their personal and property rights and other rights and obligations growing out of the marital relationship, now and for the future, and agreeing on the terms for the division of all property and formalizing their separation, all as if more fully herein set forth.

Additionally, paragraph 14 stated that "[t]he parties agree that they shall each pay the attorney's fees and costs which they individual[ly] incur." In paragraph 19, the parties stipulated that reasonable fees "shall be borne by the defaulting party" should either party have to compel compliance with the terms of the PSA. Under other provisions of the PSA, mother and father had joint legal custody of both children with primary residence to mother and father agreed to pay mother $1,400 per month in child support.

Subsequently, father filed a motion to modify the visitation schedule and mother filed motions to modify child support, award her sole legal custody of both children, and award her attorney's fees and costs. Having conducted a hearing on the parties' motions, the trial court set forth its rulings in a letter and directed mother's attorney to prepare the order.

Following the trial court's rulings, mother filed a motion for entry of order. Father filed a response contesting the child support award set forth by mother's proposed order. After a hearing on mother's motion, the trial court entered an order granting sole custody of both children to mother, modifying father's visitation with son in excess of 90 days, awarding mother

$1,335 per month in child support based on sole custody guidelines, and awarding mother $5,500 in attorney's fees.

The trial court also found that paragraph 14 of the PSA applied "only to those fees relating to the divorce proceedings and the preparation of the separation agreement and related documents." Furthermore, the trial court stated that it accepted mother's attorney's representations "as an officer of the court as to the amount of attorney's fees."

This appeal followed.

## II. ATTORNEY'S FEES

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)).

Father contends that the trial court erred in awarding attorney's fees to mother. To support that contention, he claims that paragraph 14 of the parties' PSA applies to post-divorce motions and, therefore, because mother sought to modify the PSA as to child support and child custody, she must pay her own attorney's fees. We disagree.

"[M]arital property settlements[] are contracts subject to the rules of construction applicable to contracts generally . . . ." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 677, 678 (2002). Consequently, where the terms of the contract are unambiguous, courts must "adhere to the plain meaning of [the contract's] stated terms," Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995), and may not "'read into [the contract] language which will add to or take away from the meaning of the words already contained therein,'" id. at 590, 457 S.E.2d at 378 (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). "In reviewing the [marital property settlement], we must gather the intent of the parties and the

meaning of the language, if we can, from an examination of the entire instrument, giving full effect to the words the parties actually used." Smith v. Smith, 15 Va. App. 371, 374, 423 S.E.2d 851, 853 (1992) (citation omitted).

Here, the parties set forth their intention in the preamble of the PSA, making clear that its terms settled and resolved all rights of the parties growing out of the martial relationship "now and for the future." Interpreting the terms of the PSA in this context, it logically follows that the parties determined paragraph 14 should control only the resolution of the divorce proceedings. Indeed, the plain language of the provision unambiguously stated that the parties "shall each pay the attorney's fees and costs" that they individually incur. Had the parties desired paragraph 14 to apply to future proceedings, they simply could have included language manifesting that intent as they did in paragraph 19 of the PSA, an enforcement provision explicitly providing that reasonable fees shall be paid by the defaulting party in a future action to compel compliance with the PSA. Thus, in light of the general intention of the parties as set forth in the preamble and construing the plain language of paragraph 14, we hold that the parties did not resolve to extend paragraph 14's application to post-divorce motions modifying child custody and support. We conclude, therefore, that the trial court did not abuse its discretion in awarding attorney's fees to mother.

In the alternative, father also claims that the trial court erred in awarding attorney's fees to mother based solely on mother's attorney's affidavit that failed to itemize the time spent by mother's attorney. We disagree with father.

"Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial [court] can formulate a reasonable award, it is not the only basis." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). In this case, mother's attorney's affidavit stated, as follows:

The [mother] has incurred total attorneys' fees in the amount of $7,408.50 in this matter, related to the issues of child custody, visitation and support. Fees incurred in attempting to resolve these matters prior to the commencement of legal proceedings total $1579.50. Fees incurred since the commencement of these proceedings total $5829.00. The [mother] will incur additional fees at the hearing of this matter on November 1, 2006 at the rate of $225.00 per hour. Fees incurred at trial are not included in the totals set forth herein.

Under the circumstances, we find the trial court could formulate a reasonable award of attorney's fees based on mother's attorney's affidavit. Accordingly, we cannot say the trial court abused its discretion in granting mother attorney's fees.

### III. CHILD SUPPORT

Father contends the trial court erred in awarding child support to mother based on sole custody guidelines. Specifically, he argues that the trial court should have employed a presumptive shared custody formula for both children because he had visitation with son for 121 days per year and with daughter for over 90 days per year even though daughter refused to see father. As mother points out, however, father never raised this specific argument to the trial court.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc) (citations omitted). In short, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court precludes him from raising them for the first time on appeal"). The main purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

At the hearing on mother's motion to enter the order, father argued, as follows:

> My point of saying that, and I'm just reminding the Court, the point of saying that is the daughter's visitation time from a practical standpoint is zero. But I think to be fair to Mrs. Matalavage under the [C]ode, we use a regular child support guideline for her, for the daughter, the 17-year-old, for visitation.
> But with [the son], the 13-year-old, I believe, we calculate one hundred and thirty-one days per year. And so that puts him into the shared custody guidelines. So the point is, we've got one child with shared custody guidelines. We've got another child with just regular guidelines and how do we work that?

Father further proposed to the trial court that the child support award be calculated, as follows:

> The highest you can go here is both children, regular visitation guidelines, ninety days or less. And that comes out to $1,335. If you take both children and do shared custody guidelines at one hundred and thirty-one days, that comes out to $855.
> And then what practitioner[s] have done, and I don't have any particular case law to support this, because I've never actually in eighteen years haven't come across this.
> We take half of $1,335, half of $8[5]5, the highest you can possibly be and the lowest you can possibly be, and you just add those together. And that comes out to $1,095 per month is what we're looking for.

Father's arguments before the trial court encompassed only a divided formula analysis composed of a sole custody calculation for daughter and a shared custody calculation for son. At

no time did father suggest to the trial court that a proper resolution would be to presume a shared custody calculation for both children pursuant to Code § 20-108.2(G)(3), allowing for deviation from that calculation pursuant to Code § 20-108.2(A) if accompanied by written findings in the order that the shared custody guidelines would be unjust or inappropriate. It is clear, therefore, that, despite having had the opportunity to do so, father did not raise below, and the trial court was not given the opportunity to address, the particular presumed shared custody calculation for both children father now raises on appeal. Thus, we hold that father is procedurally barred by Rule 5A:18 from raising the issue for the first time on appeal. Furthermore, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

In the alternative, father claims the trial court erred in refusing to employ the divided formula he proposed at the hearing on mother's motion to enter the order. We disagree.

"Decisions concerning [child] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). Based on the record, we cannot conclude that the trial court erred in rejecting father's method to calculate child support using a shared custody formula for son but a sole custody formula for daughter. We hold, therefore, that the trial court did not abuse its discretion.

### IV. ATTORNEY'S FEES AND COSTS ON APPEAL

Mother seeks an award of the attorney's fees and costs she incurred on appeal. However, because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny her request for an award of attorney's

fees and costs she incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695,

479 S.E.2d 98, 100 (1996).

## V.  CONCLUSION

For these reasons, we affirm the trial court's judgment and deny mother's request for

appellate attorney's fees and costs.

Affirmed.