COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, McCullough and Senior Judge Bumgardner

JEFF FREDDIE GROSS

v.      Record No. 2214-12-3

JANICE HONAKER GROSS

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 11, 2013

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(C. Eugene Compton, on brief), for appellant.

(A. Benton Chafin, Jr., on brief), for appellee.


Jeff Freddie Gross (husband) appeals an order denying his motion to modify or terminate

spousal support.  Husband argues that the trial court erred by (1) "holding that spousal support was

not modifiable, when the parties agreed in their handwritten agreement that spousal support would

be modifiable"; and (2) "refusing to modify spousal support, when the effect of that refusal was to

give the wife [Janice Honaker Gross] a claim to husband's Social Security benefits, even though she

had waived any such claim under section 7 of the parties' typewritten agreement."  Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

Husband and wife married on September 21, 1974 and separated on January 7, 2004.

During their separation, the parties signed an undated, handwritten agreement, which addressed

property and spousal support (the handwritten agreement).  In part, the handwritten agreement

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

stated that husband was "entitled to have court recalculate spousal if his income changes significantly involuntarily."

Also during the separation, husband proposed several typed separation and property settlement agreements. Wife rejected two of the proposed agreements; however, she accepted a third agreement dated September 29, 2008 (the September 29, 2008 agreement). The September 29, 2008 agreement did not refer to the handwritten agreement, but it included the following paragraph regarding spousal support:

> Pursuant to the Fairfax Guidelines, the Husband shall pay directly to the Wife the amount of $573.00 per month spousal support, commencing August 1, 2008, and continuing on the 1st day of each month thereafter until such time as either party dies or the Wife marries or cohabits with another person in a relationship analogous to marriage for one year or more, whichever event shall first occur.

On November 13, 2008, the trial court entered a final decree of divorce, which incorporated the September 29, 2008 agreement. The final decree reiterated husband's spousal support obligation by including the same spousal support paragraph as stated in the September 29, 2008 agreement.

On November 22, 2010, husband filed a motion to amend his support obligations in the Russell County Juvenile and Domestic Relations District Court (the JDR court). He asked that his child support obligation be recalculated and his spousal support obligation be terminated because he was "only drawing unemployment." On February 16, 2011, wife filed a motion to amend in the JDR court and asked that her child support and spousal support be increased. On March 3, 2011, the JDR court entered an order, which in pertinent part, denied and dismissed husband's motion to terminate spousal support. It also set a temporary child support award and continued the matter for review. On July 14, 2011, the JDR court reviewed child support and

denied husband's motion to reconsider spousal support. On the same day, husband appealed to the circuit court.[1]

On March 20, 2012, the parties presented evidence and argument regarding spousal support. On May 3, 2012, the trial court issued its letter opinion and denied the motion to modify or terminate spousal support. The trial court held that the September 29, 2008 agreement was the final agreement between the parties and its language was "clear and unambiguous that support could not be modified." The trial court noted that the September 29, 2008 agreement was incorporated into the final decree, and neither party appealed it. Consequently, the trial court held that it had "no authority" to modify the terms of the September 29, 2008 agreement or the final decree. This appeal followed.

ANALYSIS

*Assignment of error 1*

Husband argues that the trial court erred by holding that his spousal support obligation was not modifiable. Husband contends the trial court erroneously ignored the parties' handwritten agreement, which expressly provided for modifiable spousal support.

"Antenuptial agreements, like marital property settlements, are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 677, 678 (2002) (citing Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995)).

> On appeal, the Court reviews a trial court's interpretation of a
> contract de novo. Eure v. Norfolk Shipbuilding & Drydock Corp.,

---

[1] On January 24, 2012, husband filed a motion to reinstate the matter on the circuit court's docket. Husband asked the trial court to incorporate the handwritten agreement into the final decree and terminate his spousal support. The trial court granted the motion, which, according to the parties, is still pending in the trial court. We did not consider the motion to reinstate in this appeal.

263 Va. 624, 631, 561 S.E.2d 663, 667 (2002) (citing Wilson v. Holyfield, 227 Va. 184, 313 S.E.2d 396 (1984)) ("we have an equal opportunity to consider the words of the contract within the four corners of the instrument itself"). The question whether contract language is ambiguous is one of law, not fact. Tuomala v. Regent Univ., 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996). Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal. See id.

Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006).

Here, the parties entered into a handwritten agreement, which specifically allowed modification of spousal support if husband's "income changes significantly involuntarily." Subsequently, husband proposed several separation and property settlement agreements. One of the drafts tracked the language from the handwritten agreement and stated that husband's spousal support obligation could be modifiable "if his income changes significantly involuntarily." Notably, this clause was dropped from the subsequent proposed agreements.

The September 29, 2008 agreement, which wife accepted, did not provide for the modification of spousal support, except until "such time as either party dies or the Wife marries or cohabits with another person in a relationship analogous to marriage for one year or more, whichever event shall first occur." The September 29, 2008 agreement did not incorporate, or even mention, the handwritten agreement. The final decree incorporated the September 29, 2008 agreement and did not mention or incorporate the handwritten agreement. In fact, the final decree repeated the spousal support language from the September 29, 2008 agreement. Neither the September 29, 2008 agreement nor the final decree stated that spousal support could be modified based on a change in husband's income.

> In suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, . . . shall be entered except in accordance with that stipulation or contract. . . .

Code § 20-109(C).

- 4 -

Considering the language in the September 29, 2008 agreement, the trial court did not err in holding that husband's spousal support obligation was not modifiable due to a change in his income.

Husband argues that this case is similar to the facts in Driscoll v. Hunter, 59 Va. App. 22, 716 S.E.2d 477 (2011), because the parties entered into several agreements. The Court held that "[w]hen a contract consists of multiple instruments, we interpret them together to determine the parties' intent." Id. at 30, 716 S.E.2d at 480 (citation omitted). However, the parties in Driscoll included language in their subsequent agreements to incorporate the prior agreements. No such language exists in the September 29, 2008 agreement to incorporate the handwritten agreement.

The recitations in the September 29, 2008 agreement state that "it is the mutual desire of the parties to settle all rights, interests, and obligations between them, and to obtain a full, complete and final Separation and Property Settlement, including for the present and all future time, the division of their assets and liabilities and the support of both parties." The recitations further state that this agreement is "in full settlement of any and all interest of each other in the property, estate and interests of the other." In paragraph 10 of the September 29, 2008 agreement, the parties agreed to incorporate "this Agreement" into a final decree of divorce "in full and complete settlement of all right, title and interest which each may have in the property or estate of the other."

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)).

The language in the September 29, 2008 agreement is clear and unambiguous. Husband's spousal support obligation can be modified when "either party dies or the Wife

marries or cohabits with another person in a relationship analogous to marriage for one year or more, whichever event shall first occur." It does not allow for modification based on a change of his income. The handwritten agreement was not incorporated into the September 29, 2008 agreement or the final decree. The trial court did not err in holding that it could not modify husband's spousal support obligation pursuant to the September 29, 2008 agreement.

*Assignment of error 2*

Husband asserts that by ordering him to pay spousal support to wife, the trial court effectually awarded her a portion of his retirement, in contravention of the September 29, 2008 agreement. Husband explains that his Social Security retirement and disability benefits are his only income from which he can pay spousal support. Husband argues that wife waived her right to his retirement according to paragraph 7 of the September 29, 2008 agreement, which states that "[e]ach party forever waives any claim to the other party's retirement benefits, IRA's and/or pensions, whether past, present or future." Therefore, he contends the trial court should have modified his spousal support, so wife was not receiving a portion of his Social Security retirement and disability benefits.

This issue regarding spousal support and retirement division was addressed in Moreno v. Moreno, 24 Va. App. 190, 480 S.E.2d 792 (1997), where husband argued that he should not have to use his retirement income to pay his spousal support obligation. The Court examined the relationship between Code §§ 20-107.1 and 20-107.3:

> The one-time equitable distribution of property completed by Code § 20-107.3 is based on the accrued rights of the parties in the distributed property. This is a separate consideration from that necessary to measure the current financial positions of the parties in determining spousal support under Code § 20-107.1. Different statutory considerations are mandated for each.

Moreno, 24 Va. App. at 198, 480 S.E.2d at 796.

Furthermore, the Court held, "Although Code § 20-107.3(G) limits the award a spouse can receive pursuant to the equitable distribution of marital property, no language precludes that property from being considered at a later time as income for purposes of calculation of spousal support." Id. at 198-99, 480 S.E.2d at 796. The Court ultimately concluded that "the income received by husband from his share of the distribution of his pension is a fungible asset that may be considered as a resource when determining the amount of his spousal support obligation." Id. at 204, 480 S.E.2d at 799.

The trial court did not err in refusing to terminate husband's spousal support obligation because of wife's waiver to his retirement. Her waiver to retirement was in reference to equitable distribution and Code § 20-107.3, not spousal support and Code § 20-107.1.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.