COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


PERRY EDWARD JONES

                                                    OPINION BY
v.      Record No. 2069-16-2              JUDGE MARY GRACE O'BRIEN
                                                 AUGUST 22, 2017

LORI MICHELLE GATES


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Richard S. Wallerstein, Jr., Judge

John P. Walsh (Denbigh Law Center, on briefs), for appellant.

Brandy M. Poss (Defazio Bal, P.C., on brief), for appellee.


Perry Edward Jones ("husband") appeals the court's failure to award him attorney's fees

from Lori Michelle Gates ("wife") pursuant to a property settlement agreement.  Specifically, he

contends:

> The trial court erred in denying [husband]'s motion for an award of
> attorney's fees and costs incurred in the successful defense of
> [wife]'s attempts to have entered various drafts of a Military
> Qualifying Court Order each of which were found to be in conflict
> with the provisions of the parties' written agreement which was
> incorporated into the Final Decree, where the Agreement of the
> parties specifically provided that, ". . . any such costs incurred by a
> party [in] the successful defense [to] any action [for] enforcement of
> the agreements, covenants, or provisions of [the] Agreement shall be
> borne by the party seeking [to enforce compliance]."

Finding no error, we affirm the court's ruling.

I.  BACKGROUND

On December 30, 2013, the parties entered into a property settlement agreement ("the

agreement") establishing, among other provisions, that "Wife shall receive one-half of the marital

share of Husband's military retirement accounts/plans.  Such division shall be done by QDRO,

ADRO, or other required mechanism.  The costs of preparing the paperwork shall be at Wife's

expense."  The agreement also addressed the costs of enforcement as follows:

> (a) Husband and Wife agree that any costs, including, but not limited to counsel fees . . . incurred by a party in the successful enforcement of any of the agreements, covenants, or other provisions of this Agreement, whether through litigation or other action necessary to compel compliance herewith, shall be borne by the defaulting party.
>
> (b) Husband and Wife further agree that any such costs incurred by a party in the successful defense to any action for enforcement of any of the agreements, covenants[,] or provisions of this Agreement shall be borne by the party seeking to enforce compliance.

The court incorporated the agreement into the parties' final decree of divorce on February 12, 2014.

The matter remained on the docket for entry of an order dividing husband's military retirement

benefits.[1]

On June 30, 2014, the parties appeared before the court to enter a Military Qualifying Court

Order ("MQCO") dividing the retirement benefits.  Husband objected to the language of wife's

proposed order and submitted an alternative.  The court subsequently entered a modified version of

wife's order and reserved husband's request for attorney's fees.

Husband appealed the court's entry of the MQCO and failure to award him attorney's fees.

We held that the court did not err by including language in the MQCO requiring husband to

indemnify wife in the event of merger or waiver, despite the lack of an indemnification clause in the

agreement.  Jones v. Jones, No. 0062-15-2, 2016 Va. App. LEXIS 29, at *14-16 (Feb. 2, 2016).  We

further ruled that the court did err by inserting certain injunctive provisions into the order.  Id. at

---

[1] The divorce decree provided that "[t]his matter is held on open docket for 180 days for entry of a qualified domestic relations order[] or similar orders for the purpose of dividing husband's military retirement accounts/plans as called for in the incorporated settlement agreement."

*11-13. We did not address the issue of attorney's fees because the court had not issued a final order resolving that matter. Id. at *19.

On remand, the court entered an amended MQCO in accordance with this Court's order. The court also denied both parties' requests for attorney's fees because "[h]usband's refusal to execute [wife's] particular draft of the MQCO does not amount in substance to an enforcement of the Agreement" and "neither party was found to be in default." Husband filed a motion to reconsider, which the court ultimately denied. Husband now appeals the court's order denying his request for attorney's fees.

## II. STANDARD OF REVIEW

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995). We review a court's interpretation of the parties' agreement *de novo*. Plunkett v. Plunkett, 271 Va. 162, 166, 624 S.E.2d 39, 42 (2006). "[W]e are not bound by the trial court's conclusions as to the construction of the disputed provisions." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

If a property settlement agreement does not contain a provision governing a fee dispute, "[a]n award of attorney's fees and costs 'is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case.'" Mayer v. Corso-Mayer, 62 Va. App. 713, 731, 753 S.E.2d 263, 272 (2014) (quoting Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987)). Such decision "is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).

III. ANALYSIS

Husband contends that wife's request for the court to enter the qualifying MQCO was an "action for enforcement" against which he successfully defended. He argues that he is therefore entitled to attorney's fees pursuant to paragraph (b) of the agreement.[2]

It is well-settled that parties may "adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." Ulloa v. QSP, Inc., 271 Va. 72, 81, 624 S.E.2d 43, 49 (2006). Code § 20-109(c) specifically addresses such provisions in a divorce action:

> In suits for divorce . . . if a . . . contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of . . . counsel fee . . . shall be entered except in accordance with that . . . contract.

Therefore, if a property settlement agreement contains a provision awarding attorney's fees, the court must follow the terms of that agreement, to the extent allowable by law. See Rutledge v. Rutledge, 45 Va. App. 56, 61-62, 608 S.E.2d 504, 507 (2005).

In reviewing a property settlement agreement, the court must determine "the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used." Layne v. Henderson, 232 Va. 332, 337-38, 351 S.E.2d 18, 22 (1986). Further, a court may not "read into [the property settlement agreement] language which will add to or take away from the meaning of the words already contained therein." Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984).

---

[2] As an initial matter, wife moved to dismiss husband's appeal because of his failure to appeal a final order. However, because we find that husband perfected his appeal by identifying the court's final ruling that reinstated the order denying husband's request for attorney's fees, we deny wife's motion. See Va. Code § 17.1-405(3)(f) (granting this Court jurisdiction over "[a]ny final judgment, order, or decree of a circuit court" concerning a "domestic relations matter arising under Title 16.1 or Title 20"). Wife also alleges that we should decline to consider husband's assigned error pursuant to Rule 5A:8(b)(4)(ii). We disagree; husband provided a sufficient appendix for this Court to address fully the merits of this case. See Rule 5A:25(c).

Here, husband relies on paragraph (b) of the agreement awarding attorney's fees to a party who successfully defends an "action for enforcement." Accordingly, we must first determine whether wife's request for the court to enter her proposed MQCO was an "action for enforcement" of a provision of the agreement.

Enforcement is defined as "[t]he act or process of compelling compliance with a . . . decree or agreement." Enforcement, Black's Law Dictionary (9th ed. 2009). An action to enforce a contractual obligation often originates with a rule to show cause. See Pellegrin v. Pellegrin, 31 Va. App. 753, 767-68, 525 S.E.2d 611, 618 (2000) (holding that wife's motion for a rule to show cause seeking compliance with a property settlement agreement was an "action for enforcement" and awarding attorney's fees under the terms of the agreement). See also Allen v. Allen, 66 Va. App. 586, 603-04, 789 S.E.2d 787, 795-96 (2016) (finding both parties "prevailed in successfully enforcing different provisions" of a property settlement agreement when wife established husband's breach, and husband proved that wife's contractual remedy was his personal liability for her health insurance); Blue Cross of Va. v. Commonwealth, 218 Va. 589, 595-96, 239 S.E.2d 94, 96-97 (1977) (construing show cause rule as effort to "enforce" compliance with statute).

In this case, the parties agreed that the division of husband's military retirement benefits would be achieved by entry of a qualifying MQCO, to be drafted at a later date. The specific provisions of the order were not established at the time of the divorce, and the matter remained on the court's docket for presentation and entry of the MQCO.

The purpose of the June 30, 2014 hearing was to enter a proposed order dividing husband's retirement benefits. The matter was not docketed pursuant to a show cause rule to enforce compliance with an existing order or agreement. Wife did not request a finding of contempt against husband. Similarly, wife was not in default of the agreement; she was merely acting in furtherance

of the agreement by submitting a proposed MQCO to the court. Husband's objection to language in wife's proposed order did not transform her request for its entry into an action for enforcement. Therefore, we find that the court correctly ruled that wife's request for entry of an order was not an "action for enforcement" that warranted an award of attorney's fees under the parties' agreement.

Because husband failed to establish that wife's request for entry of the order was an action for enforcement, we review the court's failure to award him attorney's fees under an abuse of discretion standard. A trial court abuses its discretion

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones are considered, but the court, in weighing those factors, commits a clear error of judgment.

Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)). The record indicates that pursuant to the agreement, wife was required to draft the MCQO to divide husband's retirement benefits. Husband disagreed with wife's proposed draft of the order and submitted an alternative. The court eventually entered a modified version of wife's draft. Husband appealed to this Court, and we found that the order was consistent with the parties' agreement with the exception of the injunctive provisions. Therefore, because wife complied with the agreement, the circumstances of this case show that the court did not abuse its discretion in denying husband's request for fees.

Wife also requests that this Court award her attorney's fees and costs for defending the appeal. Upon our review of the record, we decline to do so. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

For these reasons, the judgment of the court is affirmed.

Affirmed.