COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

CLARE MORTON LEHMAN, N/K/A
 CLARE MORTON

v.      Record No. 1782-18-4

PAUL CLINTON LEHMAN, JR.

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
JULY 2, 2019

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Robert L. Vaughn, Jr. (O'Connor & Vaughn, LLC, on brief), for
appellant.

No brief or argument for appellee.

Clare Morton Lehman, appellant (Morton), contends that the trial court erred in

determining the amount of attorney's fees and costs that the court awarded to her in conjunction

with litigation she pursued to enforce various provisions of marital settlement and custody

agreements between Morton and her former husband (Lehman). We agree with Morton that the

trial court's ruling was reversible error and remand the case to determine attorney's fees and

costs consistent with this opinion.

                                        Background

The parties were married in 1999, separated in 2015, and divorced in 2018. As part of

the divorce proceedings, the parties entered into a marital settlement agreement (MSA) and a

custody agreement for their two children.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Lehman did not timely comply with certain provisions of the agreements. Consequently, Morton filed an emergency motion to compel Lehman to comply with the marital settlement agreement, a rule to show cause, and two supplemental rules to show cause. A hearing on the emergency motion was held on July 27, 2018, and the trial court ordered Lehman to satisfy a judgment on property that had been awarded to Morton in the divorce.

A hearing was held on August 23, 2018, on the rules to show cause. The trial court found Lehman in civil contempt for failing to comply with several provisions of the MSA regarding the parties' property. The court also found Lehman in civil contempt for failing to establish a direct deposit account to pay child support and for not paying his share of the children's medical expenses within the time specified in the custody agreement. The court did not find Lehman in contempt for failing to give Morton his new address within the time specified.

Paragraph 34 of the MSA provided that

> any costs, including but not limited to counsel fees, court costs, investigation fees and travel expenses, incurred by a party in the successful enforcement of any of the agreements, covenants, or provisions of this Agreement, whether through litigation or other action necessary to compel compliance herewith, shall be borne by the defaulting party. Any such costs incurred by a party in the successful defense to any action for enforcement of any of the agreements, covenants or provisions of this Agreement shall be borne by the party seeking to enforce compliance.

Paragraph 16 of the custody agreement contained the same language except that "reasonable" modified "counsel fees."

Morton's attorney presented information to the trial court that, as of August 23, 2018, he was due $13,908.50 in attorney's fees and costs for litigating enforcement of the agreements. The trial court ordered Lehman to pay Morton $8,000: $3,187.50 for attorney's fees and costs related to the emergency motion to compel and $4,812.50 for attorney's fees

and costs related to the rules to show cause. The court also ordered Lehman to reimburse Morton an additional $8,080.64 for other expenses she had incurred because Lehman had not complied with the agreements.[1]

Morton filed a motion to reconsider the award of attorney's fees and costs, asserting that under the terms of the MSA, she was entitled to recover all the funds she had expended in enforcing the agreement. The court denied the motion. This appeal follows.

Analysis

Generally, "an award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Allen v. Allen, 66 Va. App. 586, 601 (2016) (quoting Richardson v. Richardson, 30 Va. App. 341, 351 (1999)). In awarding Morton only partial reimbursement of her attorney's fees and costs, the trial court stated that it had "balanc[ed] the equities and the position [of the parties] and the evidence in the case." The court noted that it had not found Lehman in contempt for failing to provide advance notice of his new address to Morton. The court also said that although Lehman had not timely complied with the majority of the provisions at issue, there were other provisions where no dates were specified and thus timeliness could be argued. The trial court's ruling would not be an abuse of discretion but for the language in the MSA stating that "*any costs*, including . . . counsel fees . . . incurred by a party in the successful enforcement of [the MSA] . . . shall be borne by the defaulting party." (Emphasis added).

"Marital property settlements . . . are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms." Rutledge v. Rutledge, 45 Va. App. 56, 64 (2005) (quoting Pysell v. Keck,

---

[1] These expenses included payments of late fees on the mortgage on property awarded to Morton in the divorce, the cost of repairs to the property, and Lehman's share of the children's medical bills.

263 Va. 459, 460 (2002)).  "Where contracts are 'plain upon their face, they are to be construed as written, and the language used is to be taken in its ordinary significance unless it appears from the context it was not so intended.'"  Dowling v. Rowan, 270 Va. 510, 516-17 (2005) (quoting Virginia Ry. Co. v. Hood, 152 Va. 524-528 (1929)).  On appeal, a trial court's interpretation of a contract is reviewed *de novo*.  See id. at 516.

Further, Code § 20-109 provides that in suits for divorce, when a contract between the parties has been "filed before entry of a final decree of divorce," a court may enter "no decree or order directing the payment of . . . counsel fee" except in accordance with the parties' contract.  "Therefore, if a property settlement agreement contains a provision awarding attorney's fees, the court must follow the terms of that agreement, to the extent allowable by law."  Jones v. Gates, 68 Va. App. 100, 106 (2017).  See Rutledge, 45 Va. App. at 61-62 (2005) (holding that because Code § 20-109 restricted the trial court's authority to award attorney's fees to the terms of their property settlement agreement, the court did not err in denying wife's request for attorney's fees in her action to modify spousal support because the agreement did not provide for an award of fees in that instance).

Morton initiated the actions against Lehman to enforce his compliance with the provisions of the agreements.  See Jones, 68 Va. App. at 107 (quoting Enforcement, Black's Law Dictionary (9th ed. 2009) ("enforcement" is "[t]he act or process of compelling compliance with a . . . decree or agreement"), and noting that an enforcement action "often originates with a rule to show cause"); Pellegrin v. Pellegrin, 31 Va. App. 753, 767-68 (2000) (holding that wife's motion for a rule to show cause seeking compliance with a property settlement agreement was an "action for enforcement" and awarding attorney's fees under the terms of the agreement).  The trial court found that Lehman had not complied with the agreements, except in one instance – the failure to give Morton advance notice of his new address.

Under the plain, unambiguous meaning of the language in the MSA, Lehman, as the defaulting party, was responsible for "any costs, including but not limited to counsel fees" that Morton incurred in enforcing the provisions of the MSA. The language of the MSA gave the trial court no discretion in awarding fees.[2] Thus, the court erred in not awarding Morton the entire amount she requested. See Sanford v. Sanford, 19 Va. App. 241, 249-50 (1994) (holding that wife was entitled under the parties' separation agreement to recover all the legal fees and costs she had expended in enforcing the agreement against husband, who had not paid spousal support as ordered). We reverse the trial court's ruling and remand the case for the court to determine attorney's fees and costs consistent with this opinion.

Morton also asks for attorney's fees and costs for her appeal to this Court. The decision to award attorney's fees and costs incurred on appeal is to be determined by the appellate court. See Rule 5A:30; O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). In this case, "because [Morton] has prevailed on appeal, under the same terms of the agreement and decree, [Lehman] is obligated to pay her attorney's fees expended on appeal to enforce the [provisions of the agreements]." Sanford, 19 Va. App. at 250 (ordering husband to pay his former wife's attorney's fees related to an appeal in which she prevailed, as provided in their separation agreement).

---

[2] The custody agreement, however, provided that "reasonable" attorney's fees be awarded. Morton's attorney's accounting of fees and costs did not separate time spent on the custody provisions from time spent on the MSA provisions, and the trial court did not make any distinction based on the agreements in awarding attorney's fees to Morton.

## Conclusion

We remand the case to the trial court for a determination and award of attorney's fees due Morton for the enforcement proceeding, including amounts related to the motion to reconsider that she filed in the trial court and for the appeal devoted to the enforcement.

<u>Reversed and remanded.</u>