COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Huff, Malveaux and Senior Judge Annunziata
Argued by teleconference


JON S. WHEELER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1392-20-1                      JUDGE ROSEMARIE ANNUNZIATA
                                                    AUGUST 3, 2021
KIMBERLY R. WHEELER


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Leslie L. Lilley, Judge

        Brandon H. Zeigler (LeeAnne C. Schocklin; Parks Zeigler, PLLC, on
        brief), for appellant.

        Emily K. Miller (Julia E. Keller; Victoria V. Humphreys; Keller Law
        Group, on brief), for appellee.


        Jon S. Wheeler (husband) appeals the circuit court's order finding him in contempt of court

for failing to comply with the parties' separation agreement.  Husband argues that the circuit court

erred in finding him in contempt for his failure to remove Kimberly R. Wheeler's (wife) name from

certain real property and to list that property for sale.  Husband also contends that the circuit court

erred in awarding attorney's fees to wife and denying his request for an award of attorney's fees.

We find no error and affirm the decision of the circuit court.[1]

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We will not address wife's arguments concerning the timeliness of husband's objections
filed after the entry of the final order because we find that husband preserved his arguments for
appeal during the circuit court's hearings.  See Moncrief v. Div. of Child Support Enf't ex rel.
Joyner, 60 Va. App. 721, 729 (2012) (appellant had preserved his argument for appeal by
making the trial court aware of his position); Lee v. Lee, 12 Va. App. 512, 515 (1991) (en banc)
(counsel can preserve an argument for appeal in closing arguments, a motion to strike, a motion
to set aside the verdict, or a motion to reconsider).

BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Mills v. Mills, 70 Va. App. 362, 368 (2019) (quoting Kahn v. McNicholas, 67 Va. App. 215, 220 (2017) (alteration in original)).

In October 2018, husband and wife signed a separation agreement, which was incorporated into their final decree of divorce. The separation agreement included a provision stating that certain real property, including 54033 Marlin Drive in Frisco, North Carolina ("the Fin City property"), would be husband's sole and separate property. The separation agreement further provided that:

> Until [wife's] name is refinanced off of the property known as "Fin City" the property shall remain listed for sale at an agreed upon price. If the property sells for less than is owed on it, then [husband] is solely responsible for whatever is necessary to bring clear title to the closing table. From the signing of this Agreement until either [wife's] name is refinanced off of the property or it is sold, [wife] shall have no right to use, occupy, rent, visit or otherwise have a say in how "Fin City" is managed, run, used or occupied. Further, she shall have no right to any depreciation or tax benefits resulting from ownership. Likewise, she shall be held completely harmless and be indemnified from any debt, lien, repair, tax, mortgage or bill related to this property. [Husband] shall use his best efforts to have [wife's] name removed as an obligor from all financial obligations related to this property within 365 days of the signing of this Agreement.

In addition, the parties agreed that "[e]very duty imposed by this Agreement imposes also an obligation of good faith, cooperation, due diligence, best efforts and honesty in fact in its performance or enforcement."

On November 8, 2019, wife filed a petition and affidavit for rule to show cause, alleging that husband had failed to list for sale or refinance the Fin City property. The parties first

appeared before the circuit court on January 14, 2020.[2]  Husband argued that he had used his "best efforts" to remove wife's name from the note associated with the Fin City property.  He claimed to have contacted the bank about a refinance, but because the debt exceeded the value of the property, it could not be refinanced without additional collateral.  The property needed repairs to increase its value.  Husband proffered that he had applied to the North Carolina Disaster Relief fund for aid with the repairs, and he had contacted contractors for estimates.  Wife argued that she had not seen anything regarding husband's efforts to refinance or repair the property.

Furthermore, husband argued that he had tried to list the property for sale.  He had signed a listing agreement to sell the Fin City property for $938,255, which was a value he determined would cover the debt and repairs.  Wife, however, refused to sign the listing agreement because the price was too high for the market.  After hearing the arguments, the circuit court continued the matter for six months to afford husband additional time to refinance or sell the Fin City property.

On January 23, 2020, the circuit court sent a letter to counsel because it "want[ed] to be clear about expectations for the new date."  The circuit court "expect[ed] and encourage[d] the parties to communicate with each other through their attorneys."  The circuit court directed the parties to exchange documents regarding the efforts made to sell or remove wife's name from the Fin City property and to be prepared to present that information at the next hearing if the matter remained unresolved.

On July 1, 2020, the parties appeared before the circuit court for their second hearing.  Wife requested that husband be found in contempt.  Wife informed the circuit court that she had not received any documentation, other than "one page," supporting husband's claims that he had

---

[2] Wife appeared telephonically or via WebEx at all hearings.

attempted to refinance the mortgage on the Fin City property. She also was concerned that the Fin City property had "fallen [in]to substantial disrepair." In fact, husband had signed a new listing agreement, without wife's signature, for a reduced price of $725,000. The realtor removed the Fin City property from the market after seven days, however, due to safety concerns at the property and the need for certain repairs. Wife asked that husband "cure those safety issues" and list the Fin City property for sale at a price recommended by the realtor because husband's suggested price was too high.[3] Wife also requested an award of attorney's fees.

Husband argued that the parties' separation agreement required the parties to list the Fin City property for sale "at an agreed upon price," and he did not agree with the realtor's suggested price. He explained that he had tried to list the Fin City property for sale, but wife had not cooperated with his efforts. Husband also proffered that he had contacted the bank about refinancing the property.

Wife moved to introduce a deposition transcript from a realtor regarding the Fin City property. Husband objected to the transcript because he had not cross-examined the witness. The circuit court continued the matter to give husband an opportunity to review the deposition. Notwithstanding the continuance, the circuit court found that husband "had not listed the 'Fin City' property in good faith or removed [wife's] name from the property in violation . . . of the separation agreement." The circuit court forewarned husband that "[a]ttorney's fees are running."

The parties appeared before the circuit court for a third hearing on September 2, 2020. Husband informed the circuit court that the Fin City property had been listed for an agreed price

---

[3] Wife proffered that the realtor stated in a deposition that husband's suggested price of "about $938,000 was, quote Absolutely [sic] ridiculous."

of $635,000. The parties had received an offer of $535,000, but husband had rejected it.[4]

Husband also had received estimates and entered contracts for some of the necessary repairs, but wife indicated that the only completed repair was a minor repair to the air conditioning. Husband testified that he expected the repairs to start in October and take approximately sixty to ninety days to complete. Wife told the circuit court that she still had not received any documentation to substantiate husband's purported efforts to refinance the Fin City property. Wife again argued that husband should be held in contempt and asked for an award of attorney's fees. Over wife's objection, husband requested an award of attorney's fees for matters previously withdrawn by wife.[5] After hearing the evidence and argument, the circuit court took the matter under advisement.

On November 12, 2020, the circuit court issued a letter opinion. The circuit court found husband in contempt for his failure to comply with the parties' separation agreement by not removing wife's name from the Fin City property and failing to list the Fin City property for sale "in good faith." Accordingly, the circuit court ordered husband to ten days in jail but afforded him the opportunity to purge the contempt and jail sentence by complying with the terms of the separation agreement by February 5, 2021. The circuit court awarded $7,500 to wife for her attorney's fees, finding that she had successfully enforced the terms of the separation agreement. The circuit court denied husband's request for attorney's fees because the parties, by agreement,

---

[4] The realtor testified at his deposition that as of June 30, 2020, he recommended a listing price of $550,000 and expected the Fin City property to sell for $525,000, considering the market comparisons and the home's condition.

[5] In the original petition for rule to show cause, wife alleged that in addition to his failure to abide by the terms of the separation agreement regarding the Fin City property, husband had removed wife prematurely from the health insurance coverage and had not refinanced 200 48th Street in Virginia Beach, Virginia ("the 48th Street property"). Wife later moved to withdraw these allegations from her show cause petition. On July 1, 2020, the circuit court entered an order removing the issues from the show cause petition by agreement of the parties.

had removed the other issues from the show cause petition, so the circuit court did not decide them. The circuit court entered an order memorializing its ruling on the same day. This appeal followed.

ANALYSIS

*Contempt*

Husband argues that the circuit court erred in finding him in contempt of the parties' separation agreement. "[W]e review the exercise of a court's contempt power under an abuse of discretion standard." Mills, 70 Va. App. at 373 (quoting Zedan v. Westheim, 60 Va. App. 556, 574 (2012)) (alteration in original). "[A] trial court by definition abuses its discretion when it makes an error of law." Id. (quoting Zedan, 60 Va. App. at 574) (alteration in original). Where the circuit court heard evidence *ore tenus*, its factual findings may not be disturbed on appeal unless plainly wrong or unsupported by the evidence. Id.

"'[T]o hold a litigant in contempt, the litigant must be "acting in bad faith or [in] willful disobedience of [the court's] order."'" Koons v. Crane, 72 Va. App. 720, 737 (2021) (quoting Zedan, 60 Va. App. at 574-75 (second and third alterations in original)). "In a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." Id. "Once the movant proves noncompliance, 'the burden is on the obligor to provide justification for the failure to comply.'" Id. at 737-38 (quoting Barnhill v. Brooks, 15 Va. App. 696, 704 (1993)).

Wife alleged that husband had not complied with the terms of their separation agreement because he had failed to refinance or sell the Fin City property within 365 days. The circuit court held three hearings and permitted husband multiple opportunities to meet his obligations under the agreement. After reviewing the parties' separation agreement and hearing the evidence and arguments, the circuit court found that husband had not acted in good faith to make

reasonable efforts to refinance or sell the Fin City property. Accordingly, the trial court found husband in contempt.

In contesting the contempt finding, husband challenges the circuit court's interpretation of the separation agreement. "Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Price v. Peek, 72 Va. App. 640, 646 (2020) (quoting Jones v. Gates, 68 Va. App. 100, 105 (2017)). "[T]his Court reviews the circuit court's 'interpretation of the parties' agreement *de novo*.'" Id. (quoting Jones, 68 Va. App. at 105); Mills, 70 Va. App. at 373.

In reviewing an agreement, "the court must determine 'the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used.'" Jones, 68 Va. App. at 106 (alteration in original) (quoting Layne v. Henderson, 232 Va. 332, 337-38 (1986)). "[A] court may not 'read into [the separation agreement] language which will add to or take away from the meaning of the words already contained therein.'" Id. (quoting Wilson v. Holyfield, 227 Va. 184, 187 (1984)).

The parties' separation agreement required husband to act in "good faith," with "due diligence," and to use his "best efforts" to remove wife's name from all financial obligations associated with the Fin City property within 365 days. Husband argues that he used his best efforts to refinance because he had been in "constant contact" with the bank. A person who uses his best efforts to do something is a person who has made "[d]iligent attempts to carry out an obligation." Best Efforts, Black's Law Dictionary (11th ed. 2019). The "noun 'diligence' means 'devoted and painstaking application to accomplish an undertaking.'" Madison v. Commonwealth, 71 Va. App. 678, 702-03 n.14 (2020) (quoting Dennis v. Jones, 240 Va. 12, 19 (1990)). "Whether such due diligence has been exercised must be ascertained by an examination

of the facts and circumstances unique to each case." STB Mktg. Corp. v. Zolfaghari, 240 Va. 140, 145 (1990).

At the first hearing, husband proffered that the Fin City property's debt was more than its value, so the bank required extra collateral for the refinance. In a letter to counsel after the first hearing, the circuit court asked the parties to cooperate and exchange documentation regarding the efforts made to refinance or sell the property. Husband, however, did not produce any documentation verifying his contacts with the bank and his attempts to refinance the property.

Moreover, husband never demonstrated that he acted in good faith with the refinance. "Good faith embodies honest purpose, and a fundamental expectation of fair and reasonable conduct." Jacobsen v. Jacobsen, 41 Va. App. 582, 591 (2003). By the time of the third hearing, husband had had approximately 687 days to refinance the property, but he had failed to make a good faith effort to do so. Thus, the circuit court did not err in interpreting the agreement when it found that husband had not used his best efforts to refinance, or act with due diligence or good faith in refinancing the Fin City property within 365 days of the date of the agreement.

Husband also challenges the timeframe in which he had to refinance the Fin City property. While acknowledging that the agreement includes a timeframe of 365 days, husband contends this was not a deadline. The parties specifically included a timeframe in the separation agreement for wife's name to be removed from the property's loan because otherwise, the separation agreement stated that "time is of the essence as to all deadlines or other dates upon which the Parties are required to perform any dates required herein." Husband's argument "ignores the plain language" of the parties' agreement that the parties expected husband to use his best efforts to remove wife's name from Fin City property's financial obligations, by sale or refinance, within 365 days. See Mills, 70 Va. App. at 376.

The parties' agreement further provided that until husband refinanced the Fin City property, it had to be listed for sale at an agreed upon price. Husband asserted that he acted in good faith when he listed the Fin City property for sale. Husband emphasized that the agreement called for them to list the Fin City property "at an agreed upon price" and that he wanted to list the property at a price that would cover the mortgage "because he is solely responsible for the shortage." During the second hearing, the circuit court informed husband that he could not refuse to sell the property because he was "going to take a loss." Husband stressed that the agreement did not state that the parties had to list the property for a price suggested by a realtor. The circuit court concluded that the parties' agreement "necessarily inferred" that the property would be listed for a "reasonable price in the market"; therefore, husband's refusal to list the property at a reasonable market price was "not a good faith effort" to sell the property. Once again, the circuit court did not err in its interpretation of the parties' agreement concerning the sale listing for the property. The circuit court did not add terms to the parties' agreement when it noted that the listing price had to be reasonable.

In sum, the evidence supports the circuit court's finding that husband had not acted in good faith and did not use his best efforts to remove wife's name from the Fin City property and had not abided by the requirement to maintain the property listing for sale '[u]ntil [wife's] name [was] refinanced off of the property." Thus, the trial court did not err in holding husband in contempt.

*Attorney's fees*

*A.*

Husband argues that the circuit court erred in awarding attorney's fees to wife and denying his request for attorney's fees.

The separation agreement included the following provision:

> The Parties agree that any costs, including, but not limited to counsel fees, court costs, expert fees and costs, investigation fees and travel expenses, incurred by a Party in the successful enforcement of any of the terms, covenants, or provisions of this Agreement or of the validity of the Agreement itself, whether through litigation or other action necessary to compel compliance herewith, shall be borne by the defaulting Party. Any such costs incurred by a Party in the successful defense to any action for enforcement of any of the terms, covenants or provisions of this Agreement shall be borne by the Party seeking to enforce compliance.

"[I]f a property settlement agreement contains a provision awarding attorney's fees, the court must follow the terms of that agreement, to the extent allowable by law." Jones, 68 Va. App. at 106; see also Code § 20-109(C) ("In suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of . . . counsel fee . . . shall be entered except in accordance with that stipulation or contract.").

Husband first contends that the circuit court erred in awarding attorney's fees to wife because he did not violate the parties' separation agreement. As stated above, however, we find no error in the circuit court's finding that husband had not acted in good faith and, therefore, violated the terms of the parties' separation agreement. Wife successfully enforced the terms of the separation agreement. Thus, under the express terms of the agreement wife was entitled to an award of attorney's fees under the separation agreement. The circuit court did not err in awarding attorney's fees to wife.

Husband further argues that the circuit court erred in denying his request for attorney's fees. In their separation agreement, the parties had agreed that husband would refinance property they owned in Virginia Beach (the 48th Street property) and maintain medical insurance coverage for wife until the entry of the final decree of divorce. Wife alleged in her petition for

- 10 -

show cause that husband had not complied with those terms of the separation agreement. Husband challenged wife's claims and moved for an award of attorney's fees and costs under the terms of the parties' separation agreement. Wife subsequently moved to withdraw those allegations from her show cause petition because the 48th Street property had been sold and the medical expenses in controversy were "less than the cost to pursue." By order of July 1, 2020, the circuit court removed the issues from the show cause petition by agreement of the parties. Although the order did not address husband's pending request for attorney's fees, husband endorsed the order as "Seen and Agreed" but added "Mr. Wheeler is not waiving his claim for Attorney Fees by his counsel's endorsement of this order."

At the final hearing, husband renewed his request for attorney's fees and argued that he had successfully defended the 48th Street property and medical insurance issues. A defendant does not prevail on a claim when that claim is withdrawn. See Sheets v. Castle, 263 Va. 407, 414 (2002) ("We hold that under the plain meaning of the term, there is no 'prevailing party' when a nonsuit is awarded."). The circuit court found that the parties had removed the issues from the show cause petition, so it had not ruled on them. Therefore, the circuit court held that the paragraph in the parties' separation agreement regarding attorney's fees did not apply and denied husband's request.

The separation agreement allowed for an award of attorney's fees when a party successfully defended a matter enforcing the terms of the agreement. The record demonstrates that the issues in controversy were withdrawn. The circuit court did not rule on the matters or decide whether husband successfully defended his position. Therefore, the circuit court did not err in denying husband's request for attorney's fees.

*B.*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. Consistent with the parties' separation agreement, wife is entitled to an award of attorney's fees and costs for her successful enforcement of the terms of the agreement. Accordingly, we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. See Mills, 70 Va. App. at 384.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.