COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference

DIANA M. LYON

MEMORANDUM OPINION* BY
v.       Record No. 0304-21-2        JUDGE MARY GRACE O'BRIEN
DECEMBER 7, 2021

JOHN RICHARD LYON


FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

Michael S. Ewing (Jessica C. Boutwell; Stiles Ewing Powers, on
briefs), for appellant.

Shannon S. Otto (Richard L. Locke; Locke & Quinn, on brief), for
appellee.


Diana M. Lyon ("wife") and John Richard Lyon ("husband") each filed a "Motion to

Enforce" a property settlement agreement incorporated into their divorce decree. Both parties

assign error to the court's rulings.

BACKGROUND

Husband and wife married July 8, 1989, and wife filed for divorce on December 14, 2016.

However, the parties did not separate until August 1, 2018. On June 13, 2018, the parties executed

a written "agreement and stipulation" ("PSA") that addressed equitable distribution of property,

including the division of debt, and husband's obligation to pay spousal and child support.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband was required to pay child support of $950 per month and spousal support of
$2,000 for thirty months, effective immediately. After thirty months, husband's spousal support
obligation was reduced to $1,700 per month for forty-eight months.

The PSA specified that it "contain[ed] the entire understanding between the parties" and there were "no representations, warranties, covenants[,] or undertakings other than those expressly set forth in this document."

Under the PSA, the parties agreed that the costs of enforcement, including attorneys' fees, "shall be borne by the defaulting party," and costs incurred "in the successful defense" to an enforcement action "shall be borne by the party seeking to enforce compliance."

The PSA addressed the division of "subsequent" debt, stating that each party "shall be solely responsible for any and all debts . . . incur[red] subsequent to the date of this [PSA]."

The PSA also required all modifications to be "in writing and executed with the same formality as this [PSA]." Further, it stated that a party's failure "to insist upon strict performance . . . shall not be construed as a waiver of any subsequent default."

On July 14, 2018, the parties signed an addendum to the PSA, memorializing how and when wife would receive her half of the marital share of husband's retirement. The addendum reiterated the PSA provision requiring that all modifications be in writing.

During the parties' marriage, dividends from husband's Deferred Profit-Sharing Plan ("the Plan") were deposited monthly into a joint account used to pay household bills. The PSA specified that future dividend payments would be divided equally between the parties. The PSA also provided for the equal division of their joint checking and savings accounts.

On March 20, 2019, the court entered a final divorce decree that affirmed, ratified, and incorporated the PSA and its addendum. Husband filed a "Motion to Enforce [the PSA]" on April 3, 2019, alleging that wife took "far in excess of her [fifty-percent] share" from a joint account. On August 3, 2019, wife also filed a "Motion to Enforce," claiming that husband had not met his financial obligations under the PSA.

At a hearing on their respective motions, the parties presented evidence that, after executing the PSA, they sold the marital residence in July 2018 and moved into a rental home with their two children, one of whom was a minor. Husband and wife orally agreed that they would reside together and divide expenses. They maintained the joint account into which husband's Plan dividends continued to be deposited. Pursuant to their oral agreement, husband also deposited his paychecks into that joint account to pay the rent and family expenses in lieu of paying spousal and child support. Wife, who managed the parties' financial obligations throughout the marriage, deposited her paychecks into a separate account.

According to wife, husband advised her in October 2018 that he wanted to move out of the rental home, so she removed $214,500 in a series of withdrawals from the joint account — an amount she had calculated as her share under the PSA. Husband disputed that he told wife that he wanted to leave; however, in February 2019, he was barred from the rental home after wife obtained a protective order. Husband resumed paying child and spousal support in March 2019. Wife paid the rent until the lease expired in July 2019.

The parties stipulated that $55,138 in Plan dividends were deposited into the joint account between the August 2018 separation date and June 2019, when they divided the account. Husband contended that after execution of the PSA and its addendum, while the parties were residing in the rental home, wife improperly removed $10,593 from the joint account for her personal expenses. Wife asserted that husband owed her $5,305 for charges he made on her credit card while they were living together in the rental home.

At issue were the rent payments between March and July 2019, husband's $5,305 charges on wife's credit card, wife's withdrawal of $10,593 from the joint account for personal expenses, and division of the $55,138 dividends paid into the joint account after separation. The parties also disputed the disposition of other personal property, which is not before this Court. Finally, both

- 3 -

parties asserted that the PSA entitled them to attorneys' fees for their respective enforcement actions.

In a letter opinion, the court found that the parties orally agreed husband would "pay the bills associated with the rental home" in lieu of paying support under the PSA. The court ordered husband to pay $6,395 for half of the household bills, including rental payments between March 2019, after he was barred from the home, and July 2019, when the lease expired.

The court ordered wife to reimburse husband for half of the Plan dividends deposited into the parties' joint account between the August 2018 separation date and June 2019, when they divided the account. That amount was $27,569 — half of the $55,138 that the court found was included in the $214,500, which wife withdrew from the account in late 2018.

The court found that husband charged $5,305 on wife's credit card in violation of the parties' PSA and wife improperly removed $10,593 from the joint checking account for personal expenses. The court ordered husband and wife to reimburse each other for the credit card charges and the personal expenses.

Finally, the court declined to award attorneys' fees to either party. The court reasoned that pursuant to the PSA, "enforcement of the [PSA] should be borne by the defaulting party" and because "[b]oth parties chose to disregard the [PSA,] neither party was entitled to repayment of their attorneys' fees."

On appeal, wife contends that the court erred by requiring her to reimburse husband for half of the dividend payments and for the $10,593 taken from the joint account. Husband assigns error to the court's ruling requiring him to reimburse wife for payment of rent and household expenses between March and July 2019, and the court's failure to award him attorneys' fees.

ANALYSIS

When we review a court's decision on appeal, "we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258 (2003). The issues before us require review of the parties' PSA. "We review a court's interpretation of the parties' agreement *de novo*." Jones v. Gates, 68 Va. App. 100, 105 (2017).

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Id. (quoting Southerland v. Estate of Southerland, 249 Va. 584, 588 (1995)). An appellate court is "not bound by the trial court's conclusions as to the construction of the disputed provisions." Id. (quoting Smith v. Smith, 3 Va. App. 510, 513 (1986)).

A.  Wife's assignments of error:  dividends and personal expenses

Wife first contends that the court improperly required her to return $27,569 from the $214,500 that she withdrew from the joint account in late 2018. That amount represents half of the Plan dividends deposited between the separation date and the division of the joint account in June 2019. The court ruled that the parties' decision to continue their practice of depositing the entire amount into a joint account did not modify the PSA, and based on the PSA, husband and wife were each entitled to half of the dividends deposited during that time frame. Wife argues that under the PSA, the dividends were her separate property.

The court determined that by continuing to deposit the Plan dividends into the joint account, husband and wife were combining their separate funds. However, the court found that wife's withdrawal of $214,500 from that account included the entirety of the dividends paid between the time of separation and the time the account was divided, not merely her share. Based on the terms of the PSA, she was only entitled to half of the amount of the dividends. The court's factual finding

that wife removed more than her share of the dividends is supported by the record, and we will not disturb it on appeal, absent an abuse of discretion. See Stroud v. Stroud, 54 Va. App. 231, 236 (2009) (stating that, upon review of an action to enforce a PSA, "the trial court's findings of fact are accorded great deference and its judgment will not be set aside unless plainly wrong or without evidence to support it"); see also Code § 8.01-680. Accordingly, we affirm the decision of the trial court.

Wife also argues that the court erred by finding she was not entitled to pay her personal expenses from the joint account following the parties' separation and by ordering her to reimburse husband for those withdrawals. Wife does not contest that she removed the $10,593 from the joint account for personal expenses. Although the PSA provides that each party is responsible for his or her own subsequent debts, she contends that after execution of the PSA and the addendum, the parties entered into an oral agreement that husband would pay the rent and household expenses in lieu of spousal and child support, and wife would deposit her paychecks into a separate account. According to wife, the oral agreement did not preclude her from using the joint account to pay her personal expenses.

The PSA is clear. The parties are each "solely responsible for any and all debts . . . incur[red] subsequent to the date of this [PSA]," June 13, 2018. See Smith, 3 Va. App. at 514 ("Where there is no ambiguity in the terms of a contract, we must construe it as written."). Any oral agreement violates the PSA's requirement that all modifications be in writing and "executed with the same formality" as the PSA. Although wife seeks to defend her conduct by claiming that she complied with the parties' oral agreement, the PSA controls, and we must "construe it as written." See id.

Because the PSA required the parties to be individually responsible for their subsequent debts, we hold that the court did not err in requiring wife to reimburse husband for her personal expenses that were paid from the parties' joint account after they executed the PSA.

B.  Husband's assignments of error:  rental payments and attorneys' fees

Husband argues that the court erred by requiring him to pay rent and household expenses between March and July 2019 when he no longer resided in the rental home and had resumed payment of his support obligations.  For the following reasons, we agree and reverse the court's ruling.

The PSA required husband to pay spousal and child support.  As noted above, the PSA also required that any changes or amendments to the PSA be made in writing and executed by the parties with the same formality as the original document.

Nonetheless, the court found that the parties entered into an oral agreement for husband to pay rent and household expenses in lieu of paying spousal and child support.  Because the court found that under the terms of the oral agreement, husband's obligation for the rent and household expenses remained, regardless of whether he was living at the residence, it ordered husband to reimburse wife for half of the household expenses.

However, once again, this arrangement to pay rent and expenses in lieu of support was a wholesale modification of the PSA.  The modification was not executed in writing or with the formality required by the PSA.  Wife may not compel compliance with an oral contract by a motion to enforce a PSA that forbids oral modifications.  Therefore, we find that the court erred in requiring husband to pay half of the rent and household expenses between March and July 2019, when he was paying spousal and child support in accordance with the PSA.

Husband also contends that the court erred by not awarding him attorneys' fees because the PSA provided that in an action for enforcement, fees and costs "shall be borne by the defaulting

party." Parties may "adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006). Code § 20-109(C) addresses such provisions in a divorce action:

> In suits for divorce, . . . if a . . . contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of . . . counsel fee . . . shall be entered except in accordance with that . . . contract.

"Therefore, if a property settlement agreement contains a provision awarding attorney's fees, the court must follow the terms of that agreement, to the extent allowable by law." Jones, 68 Va. App. at 106.

Husband argues that because the court's various rulings on the issues resulted in an offset that provided him with a cash award, under the terms of the PSA, he was entitled to be reimbursed for his attorneys' fees. However, in declining to award attorneys' fees to either husband or wife, the court found that "both parties chose to disregard the [PSA]," and the record supports this determination. Accordingly, the court did not in err in declining to award husband his attorneys' fees.

### C. Appellate attorneys' fees

Both parties request an award of attorneys' fees on appeal. Rule 5A:30(b)(2) requires us to look to the "terms of a contract or stipulation" between the parties to determine whether to award fees. See Allen v. Allen, 66 Va. App. 586, 603 (2016) (considering the parties' post-nuptial agreement to determine whether to award appellate attorneys' fees). The PSA provided that in an enforcement action, attorneys' fees "shall be borne by the defaulting party." Here, both husband and wife were found to have disregarded the PSA. Accordingly, based on the record before us, we decline to award appellate attorneys' fees to either party.

## CONCLUSION

We affirm the court's ruling requiring wife to pay husband half of the Plan dividends and reimburse him for the $10,593 that she removed from the joint account. We reverse the court's decision requiring husband to pay wife $6,395 for half of the rent and household expenses between March and July 2019, affirm the court's ruling denying husband an award of attorneys' fees, and deny both parties' requests for appellate attorneys' fees.

<u>Affirmed in part, and reversed in part.</u>