UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Chaney and Raphael
Argued at Winchester, Virginia


FATIMA ABDULQADER ABDULSAMAD

MEMORANDUM OPINION* BY
v.        Record No. 0050-22-4          JUDGE CLIFFORD L. ATHEY, JR.
NOVEMBER 15, 2022

MOFID HUSSEIN DEAK


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

Samuel A. Leven (The Baldwin Law Firm, LLC, on briefs), for
appellant.

Fred M. Rejali for appellee.


Fatima Abdulsamad ("wife") appeals from a decree of divorce in the Circuit Court of

Fairfax County, ("trial court"), ending her marriage to Mofid Deak ("husband").  Wife argues

that the trial court erred in (1) failing to require husband to make payments to her pursuant to an

October 10, 2017 agreement ("Temporary Agreement") between the parties; (2) failing to award

the wife any share of marital retirement funds paid to the husband after the date of their

separation; (3) failing to award wife spousal support consistent with the needs of the wife and the

husband's ability to pay; (4) failing to reconsider the rulings referenced in the above assignments

of error; and (5) failing to award wife any portion of her attorney fees.  For the reasons to follow,

we affirm the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003).

The parties married in October of 1983. On October 10, 2017, the parties executed a written Temporary Agreement which, in part, required husband to pay wife $5,000 on October 10, 2017, and another $3,000 by December 31, 2017. The Temporary Agreement also required wife to file 2016 federal and state income taxes jointly with husband in exchange for "[husband] paying [wife] $1,750.00 per month starting November 1, 2017." The Temporary Agreement further stated that: "[t]he terms of this Agreement are temporary and [husband] and [wife] are free to negotiate another agreement containing different terms at a later date[but] until that time, neither [husband] nor [wife] can change this agreement without the other party's express consent, provided in writing." The Temporary Agreement also provided that "[a]ny failure to comply with the terms contained herein will constitute breach of contract" before stating "[e]mphatically, the terms of this agreement are intended to serve as temporary relief and are to be taken without prejudice." Finally, the Temporary Agreement declared that it "[did] not and should not represent an adequate level of spousal support for [wife]."

Husband made the initial lump sum payments required by the agreement but, at most, thereafter, made only two of the required monthly payments. Husband also failed to make other payments pursuant to the agreement as required by the Temporary Agreement when their marital properties were rented.

On October 22, 2018, husband filed a complaint for divorce and requested service by order of publication, alleging that he did not know the whereabouts of wife. Wife failed to respond to the publication, and a final divorce decree was subsequently entered on March 18,

2019. Wife first learned of the entry of the divorce decree in July 2019 and immediately petitioned the trial court to reopen the proceedings and set aside the final divorce decree. She also moved for pendente lite support or, in the alternative, to enforce their Temporary Agreement.

Wife's motion for pendente lite support or enforcement of the Temporary Agreement was resolved by the entry of a consent order on August 30, 2019. Wife's motion to reopen the divorce and set aside the final divorce decree was granted by a second consent order entered on October 4, 2019. This consent order vacated the previous final divorce decree. The consent order also required the husband to make a payment of $10,000 in attorney fees to wife's counsel by October 1, 2019, a payment to the wife of $6,000 by October 1, 2019, and a second payment to the wife of $6,500 by November 1, 2019. The October 4, 2019 consent order also included a provision that wife waived her right to receive retroactive pendente lite support and that "[o]ther than the issue of attorneys' fees incurred by the parties prior to entry of this order, it is without prejudice to any other claims or positions that either party may make or take in this case." On October 25, 2019, wife filed her answer and a counterclaim for divorce, seeking, among other things, both pendente lite and permanent spousal support.

At trial, wife alleged that the Temporary Agreement was a marital settlement agreement that the trial court was required to "follow," and she demanded that the trial court order husband to pay $60,910 owed to her pursuant to the terms of the Temporary Agreement. Following a three-day hearing, the trial court issued a letter opinion on the issues of divorce, equitable distribution, and spousal support. In relevant part, the trial court found that "the intent of the [p]arties was that the Temporary Agreement was in the nature of a pendente lite agreement, and that the issue of spousal support would ultimately be decided by the [c]ircuit [c]ourt." The trial court then awarded wife lump sum spousal support in the amount of $18,500.

Wife filed a motion to reconsider on November 18, 2021. The trial court divorced the parties by final order entered December 9, 2021. On December 10, 2021, the trial court issued another letter opinion granting the motion to reconsider in part and denying it in part. After the trial, both parties filed briefs requesting attorney fees. The trial court denied both parties' request for attorney fees, holding that each party would be responsible for their own attorney fees. Wife appealed therefrom.

II. ANALYSIS

A. *Standard of Review*

We review the trial court's interpretation of a contract *de novo*. *Plunkett v. Plunkett*, 271 Va. 162, 166 (2006). "[A] circuit court's 'equitable distribution award will not be overturned unless the [appellate court] finds an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" *Sobol v. Sobol*, 74 Va. App. 252, 272 (2020) (second alteration in original) (quoting *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020)). Similarly, "[w]hen a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)).

"We review a trial court's denial of a motion to reconsider for an abuse of discretion." *Winston v. Commonwealth*, 268 Va. 564, 620 (2004). Likewise, "an award of attorney's fees and costs is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." *Stark v. Dinarany*, 73 Va. App. 733, 755 (2021) (quoting *Jones v. Gates*, 68 Va. App. 100, 105 (2017)). "Such decision 'is reviewable on appeal only for an abuse of discretion.'" *Id.* (quoting *Graves v. Graves*, 4 Va. App. 326, 333 (1987)).

- 4 -

B. *Temporary Agreement*

Wife argues that the trial court erred as a matter of law when it refused to require husband to pay wife pursuant to the Temporary Agreement; she argues that the Temporary Agreement is a marital settlement agreement pursuant to Code § 20-109(C) which requires the trial court to adopt its terms when awarding spousal support. Assuming without deciding that the Temporary Agreement is a marital settlement agreement within the contemplation of Code § 20-109(C), based upon her own theory, wife waived her right to retroactive pendente lite spousal support by consent order, which precludes the recovery she now seeks on appeal.

It is axiomatic that "[w]hen the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." *City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc.*, 271 Va. 574, 578 (2006). The Temporary Agreement is, as its title indicates, temporary. It states: "[t]he terms of this Agreement are temporary," and "[e]mphatically, the terms of this agreement are intended to serve as temporary relief." The Temporary Agreement distributed no marital property, directed husband to make certain payments to wife, provided for temporary management of real estate, and required wife to jointly file 2016 income taxes with husband. Because there is no permanent distribution of property or permanent support award contemplated in the Temporary Agreement, the trial court cannot make permanent property distributions or award permanent spousal support by simply following the terms in the Temporary Agreement.

Moreover, any spousal support award solely based upon enforcing the terms of the Temporary Agreement would only result in a retroactive pendente lite spousal support award based on wife's theory that the temporary agreement is the marital settlement agreement. Since wife waived any right to retroactive pendente lite spousal support in the consent order entered on

October 4, 2019, the trial court is therefore precluded from enforcing the terms of the temporary agreement as it relates to spousal support based upon wife's own theory.

We find no merit in wife's argument that Code § 20-109(C) prohibited the trial court from entering a final decree that she claims was inconsistent with the monthly payments required under the Temporary Agreement. To be sure, that code section provides that when "a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract." Code § 20-109(C). But we specifically held in *Newman v. Newman*, 42 Va. App. 557 (2004) (en banc), that an agreement "embodied in a consent decree signed by counsel on behalf of their respective clients . . . qualifies as a stipulation or contact under Code § 20-109(C)." *Id.* at 562. Here, the consent order in which wife waived her right to retractive pendente lite support was signed by counsel for both parties, as well as by wife herself. So the trial court did not err in holding wife to that waiver.

For those reasons, we find no error in the trial court's refusal to award either pendente lite or permanent spousal support pursuant to the terms of the Temporary Agreement.

C. *Equitable Distribution*

Wife argues that the trial court erred in failing to award her a marital share of husband's Thrift Savings Plan as well as her marital share of pension payments received by husband after the date of their separation. Since we are unable to evaluate this assignment of error without a transcript of the trial proceedings, we decline to do so.

"The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007) (second alteration in original)

(quoting *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991) (citation omitted)); *see also* Rule 5A:8(b)(4)(ii).

Here, wife failed to timely file either a transcript of the proceedings or a statement of facts in support of this assignment of error. A transcript or statement of facts is indispensable to our evaluation of the second assignment of error; without a transcript or statement of facts we must decline to do so.

### D. *Spousal Support*

Wife next contends that the trial court abused its discretion by awarding spousal support inconsistent with its own findings. Once again, no transcript of the proceedings or statement of facts was timely filed in this appeal. Since we find that a transcript of the proceedings is indispensable in evaluating whether the trial court abused its discretion in its award of spousal support, we decline to do so.

Again "the burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Id.*; *see also* Rule 5A:8(b)(4)(ii).

Here, wife contends that the trial court abused its discretion in awarding spousal support and cites a portion of the trial transcript to demonstrate that she preserved the alleged error. Since she failed to timely file the transcript she references, this Court is unable to evaluate whether the assignment of error was preserved pursuant to Rule 5A:18 because the trial transcript is not a part of the record in this case. In addition, any testimony related to the spousal support award from which error is assigned would invariably be contained in the trial transcript as well. Since the transcript is indispensable for our evaluation of whether the alleged error was preserved as well as the merits of the alleged error, we decline to consider wife's third assignment of error as well.

E.  *Motion to Reconsider*

On appeal wife makes no specific argument attempting to demonstrate how the trial court may have abused its discretion by denying the motion for reconsideration beyond issues previously raised in her assignments of error I-III.  Since wife fails to articulate any additional facts or argument in support of this assignment of error, we refrain from addressing wife's fourth assignment of error.

F.  *Attorney Fees*

Wife contends that in *Thomas v. Thomas*, 217 Va. 502 (1976), the Supreme Court recognized a strong presumption in favor of awarding attorney fees in divorce cases when spousal support is awarded and the payor spouse has the ability to pay.  She extrapolates that a presumption in support of awarding attorney fees existed here, and therefore the trial court abused its discretion by not awarding her attorney fees under this presumption.  We disagree.

This Court clarified that "[w]e do not believe that the court in *Thomas* intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees." *Artis v. Artis*, 4 Va. App. 132, 138 (1987).  And "[w]e read *Thomas* . . . to say that the relative financial abilities and support issues should be considered as factors in weighing the equities.  However, these factors are not exclusively determinative of whether an award should or should not be made." *Cirrito v. Cirrito*, 44 Va. App. 287, 300 (2004).

In *Artis*, we noted specifically the facts present when the Supreme Court found an award of attorney fees appropriate in *Thomas*.  There, the husband earned $28,000 a year and the wife earned only $1,546 per year.  We noted that the facts were different in *Artis* since the wife was "employed, making a reasonable salary, and had a number of assets, including her residence, cash in the bank, and an automobile." 4 Va. App. at 138.  In *Artis* we found no abuse of discretion in the trial court's denial of wife's request for attorney fees. *Id.*

- 8 -

Here, wife was awarded substantial assets from equitable distribution and spousal support. For example, she was awarded the right to receive half the proceeds of the sale of a marital property valued by the trial court at $1,500,000. She was also awarded sole ownership of an apartment the trial court valued at $250,000. Further, the trial court left undisturbed her ownership interest in two other properties. She was also awarded half of husband's retirement assets. Therefore, this is not a situation like *Thomas* in which the disparity between the parties' economic situations was so great that failure to award wife attorney fees was inequitable. Reviewing the record overall, we find that the trial court did not abuse its discretion in denying wife's motion for attorney fees given the unique facts present in this case. Hence, we affirm the trial court's decision denying wife attorney fees.

### III. CONCLUSION

In conclusion, the trial court did not err as a matter of law when it refused to require the husband to pay wife pursuant to the terms of the Temporary Agreement. We also find that the transcript of the trial in this case is indispensable in deciding assignments of error II, III, and IV, and we therefore decline to address those assignments of error. Finally, we affirm the trial court's denial of reimbursement of wife's attorney fees and deny the parties' requests for appellate attorney fees.

*Affirmed*.